UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TOLL BROS., INC. and TOLL SAN ANTONIO TX LLC, | § § § | |
| *Plaintiffs*, | § § | |
| VS. | § § | CIVIL ACTION NO. 5:17-CV-748 |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, CINCINNATI INSURANCE COMPANY, ADMIRAL INSURANCE COMPANY, and EMPLOYERS MUTUAL CASUALTY COMPANY, | § § § § § § § | |
| *Defendants*. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COME NOW Plaintiffs Toll Bros., Inc. and Toll San Antonio TX LLC (collectively referred to herein as "Plaintiffs" or "Toll Bros."), and file this Original Complaint against Defendants Liberty Mutual Insurance Company, Cincinnati Insurance Company, Admiral Insurance Company, and Employers Mutual Casualty Company. Plaintiffs respectfully would show this Court the following:

### I.     THE PARTIES

1.     Plaintiff Toll Bros., Inc. is a Texas corporation with its principal place of business in Horsham, Pennsylvania.

2.     Plaintiff Toll San Antonio TX LLC is a Texas limited liability company with its principal place of business in Horsham, Pennsylvania.

3.     Defendant Liberty Mutual Fire Insurance Company is a Wisconsin corporation with its principal place of business in Boston, Massachusetts. Defendant is authorized to and does conduct insurance business in the State of Texas, and can be served with process through its

certified agent, Corporation Service Company, 211 East 7th Street Suite 620, Austin, Texas 78701-3218.

4. Defendant Cincinnati Insurance Company is an Ohio corporation with its principal place of business in Cincinnati, Ohio. Defendant is authorized to and does conduct insurance business in the State of Texas and can be served with process through its registered agent, National Registered Agents Inc., 1999 Bryan Street Suite 900, Dallas, Texas 75201-3136.

5. Defendant Admiral Insurance Company is a Delaware corporation with its principal place of business in Scottsdale, Arizona. Defendant is authorized to and does conduct insurance business in the State of Texas, and can be served through the Texas Commissioner of Insurance at 333 Guadalupe Street, Austin, Texas 78701.

6. Employers Mutual Casualty Company is an Iowa corporation with its principal place of business in Des Moines, Iowa. Defendant is authorized to and does conduct insurance business in the State of Texas and can be served with process through its registered agent, Donnie M Wiese, EMC Insurance Companies, 777 E. Campbell Road Suite 650, Richardson Texas 75081-1891.

## II.     JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this District because a substantial part of the events and acts or omissions giving rise to these claims occurred in this District within the meaning of 28 U.S.C. § 1391. In particular, the Defendants have been called upon to provide a defense to Plaintiffs in connection with a lawsuit pending in Bexar County, Texas and an arbitration proceeding also in Bexar County, Texas.

### III.     FACTUAL BACKGROUND

9.     Plaintiffs were sued in a lawsuit styled as Cause Number 2015CI13962, *Villas at Sonoma Verde Condominium Community, Inc. v. Toll San Antonio TX LLC, et al.*, in the 57th Judicial District Court of Bexar County, Texas. *See* Plaintiff Villas at Sonoma Verde Condominium Community, Inc.'s Original Petition (attached hereto as **Exhibit A**). Subsequently, the underlying plaintiff made a demand for arbitration relying on the same claims as in its Original Petition. *See* Claimant Villas at Sonoma Verde Condominium Community, Inc.'s Demand for Arbitration (attached hereto as **Exhibit B**).[1]

10.     The Underlying Matter arises out of a condominium construction project for which Toll Bros. was the general contractor. In turn, Toll Bros. subcontracted portions of the work to subcontractors, including Builders FirstSource – South Texas, L.P. ("Builders FirstSource"), Double T Masonry, Interface Detector Company ("Interface Detector") and L&S Plumbing. Villas at Sonoma Verde Condominium Community, Inc. ("Villas") alleges that the work of Toll Bros. and its subcontractors, was defective and/or inadequate. In that regard, Villas alleges deficiencies in the installation of the windows and exterior doors, including window sill flashing, deficiencies in the installation of the stone veneer, and deficiencies in the installation of the hose bibs. *See* **Exhibit A** at ¶ 19. Villas further alleges that, as a result of the defects, deficiencies, and/or damages caused by Defendants, it sustained property damage. *Id.* at ¶ 20.

11.      Pursuant to Toll Bros.'s subcontracts and/or invoices with Builders FirstSource, Double T Masonry, Interface Detector and L&S Plumbing, each subcontractor was required to name Toll Bros. and others as additional insureds on their respective commercial general liability insurance policies. Accordingly, Toll Bros. tendered the Underlying Matter to each of the

---

[1] Herein, these proceedings are collectively referred to as the "Underlying Matter."

subcontractors and their respective carriers for a defense and indemnity. The subcontracts and invoices establish that Builders FirstSource installed the windows, Double T Masonry performed stone, brick and masonry work, Interface Detector performed waterproofing and flashing services, and L&S Plumbing performed plumbing work, including installation of hose bibs.

12. Upon information and belief, Defendant Liberty Mutual Fire Insurance Company ("Liberty") issued Policy No. TB2-651-004212-033, with effective dates of June 1, 2013 through June 1, 2014, to non-party Builders FirstSource (the "Liberty Policy").

13. Toll Bros. tendered its claim for additional insured coverage to Liberty on February 9, 2016. While Liberty acknowledged the claim and requested additional information from Toll Bros. on February 16, 2016, which was provided, Liberty has not accepted or rejected Toll Bros.'s claim for additional insured coverage. The failure to respond has persisted despite specific requests for determination on the claim on May 16, 2017 and July 6, 2017. Upon information and belief, the Liberty Policy contains an additional insured endorsement and provides additional insured coverage to Toll Bros. as required by the contract between Toll Bros. and Builders FirstSource.

14. Upon information and belief, Defendant Cincinnati Insurance Company ("Cincinnati") issued Policy No. ENP0065441, with effective dates of February 24, 2011 through February 24, 2014 and subsequent renewals through 2016, to Double T Masonry (the "Cincinnati Policies"). According to Cincinnati's denial letter, the Cincinnati Policies contain additional insured endorsements that provide additional insured coverage where required by written contract or agreement for liability arising out of Double T Masonry's work for the additional insured.

15. Cincinnati acknowledged Toll Bros.'s October 13, 2015 tender of its additional insured claim on October 20, 2015, and denied coverage on June 1, 2017.

16. Upon information and belief, Defendant Admiral Insurance Company ("Admiral") issued Policy No. WKO60000562, with effective dates of October 15, 2006 through October 15, 2007, Policy No. WKO70000882, with effective dates of October 15, 2007 through October 15, 2008, and Policy No. WK080001445, with effective dates of October 15, 2008 through October 15, 2009, to Interface Detector (the "Admiral Policies"). According to Admiral's denial letter, the Admiral Policies contain additional insured endorsements which provide coverage as may be required by written contract, for liability caused in whole or in part by the named insured's acts or omissions in the performance of ongoing operations.

17. Admiral acknowledged Toll Bros.'s tender, which it indicated was received on March 4, 2016, and denied coverage on April 20, 2016.

18. Upon information and belief, Employers Mutual Casualty Company ("EMC") issued Policy No. 3L48161-07, with effective dates of December 8, 2006 through December 8, 2009, and Policy No. 4D20672, with effective dates of December 8, 2009 through December 8, 2010 (the "EMC Policies") to L&S Plumbing. According to EMC's denial letter, some of the policies contain additional insured endorsements which provide coverage when the additional insured's liability is related to the conduct of L&S Plumbing.

19. EMC acknowledged Toll Bros.'s tender on November 19, 2015, and denied coverage on that date.

20. Although, upon information and belief and as outlined above, the policies issued to the subcontractors include additional insured endorsements that are triggered by the allegations asserted in the Underlying Matter, and no exclusions operate to preclude coverage in

its entirety, the carriers have either denied coverage to Toll Bros. under their respective policies, or have ignored Toll Bros.'s requests for additional insured coverage altogether.

21. To date, the carriers have not contributed in any way to Toll Bros.'s defense costs.

## IV. CAUSES OF ACTION

22. Each of the foregoing paragraphs is incorporated by reference in the following causes of action as though fully set forth herein.

### A. DECLARATORY JUDGMENT

23. An actual controversy exists between Plaintiffs on one hand, and Defendants on the other hand, as to the scope of coverage provided to Plaintiffs through the terms and conditions of Defendants' policies issued to Builders FirstSource, Double T Masonry, Interface Detector and L&S Plumbing. In particular, a dispute exists as to whether Defendants are obligated to defend Plaintiffs in connection with the Underlying Matter under one or more of the policies issued to Toll Bros.'s subcontractors.

24. Plaintiffs seek a declaration that each Defendant has a duty to defend Plaintiffs in connection with the Underlying Matter under each of the policies issued to the subcontractors.

### B. BREACH OF CONTRACT

25. The policies each set forth contractual obligations on the part of Defendants to defend and indemnify certain additional insureds when claims are made against them for "property damage."

26. Defendants have breached the terms and provisions of each of the policies by failing to provide a defense to Toll Bros. against the claims asserted by the Villas in the Underlying Matter.

27. As a result, the Plaintiffs have been damaged by having to pay at least a portion of their own defense costs in the Underlying Matter.

## C. PROMPT PAYMENT OF CLAIMS ACT

28. The failure of Defendants to promptly acknowledge an obligation to defend Toll Bros. as an additional insured when it is reasonably clear that coverage exists constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

29. Plaintiffs, therefore, in addition to their claim for damages, are entitled to an 18% penalty and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

## E. ATTORNEYS' FEES

30. Plaintiffs, as additional insureds on each of the policies issued by the Defendants, engaged the undersigned to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

31. Plaintiffs pray that they be awarded all reasonable attorneys' fees incurred in prosecuting the causes of action through trial and any appeal pursuant to Section 38.001 of the Texas Civil Practices and Remedies Code. In addition, and/or in the alternative, Plaintiffs may be awarded attorneys' fees as permitted under the Prompt Payment of Claims Act.

## V. CONDITIONS PRECEDENT

32. All conditions precedent to Plaintiffs' right to recover under the policies have occurred, have been fully performed, or have been waived by Defendants.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that, upon final hearing of the case, this Court declare and adjudge the contractual obligations of Defendants, that this Court declare and adjudge that Plaintiffs recover all damages from and against Defendants that they

may reasonably establish by a preponderance of the evidence, and that this Court award attorneys' fees through trial and any appeal, costs of court, pre- and post-judgment interest, and such other and further relief, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

    Respectfully submitted,

    SHIDLOFSKY LAW FIRM PLLC

    By: */s/ Douglas P. Skelley*
        Lee H. Shidlofsky
        State Bar No. 24002937
        lee@shidlofskylaw.com
        Douglas P. Skelley
        State Bar No. 24056335
        doug@shidlofskylaw.com
        7200 N. Mopac Expressway, Suite 430
        Austin, Texas 78731
        Telephone: (512) 685-1400
        Facsimile: (866) 232-8709

    **ATTORNEYS FOR PLAINTIFFS**